IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO TRAYLOR, | § | |
|                Plaintiff, | § | |
| | § | |
| v. | § | 3:16-CV-0199-M-BK |
| | § | |
| DALLAS DISTRICT ATTORNEY'S | § | |
| OFFICE, et al., | § | |
|                Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On January 25, 2016, Plaintiff, a pretrial detainee, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court subsequently granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**

In his amended complaint, as supplemented by his answers to the Court's Questionnaire, Plaintiff sues the Dallas County District Attorney's Office and former District Attorney Susan Hawk for civil rights violations. Doc. 21; Doc. 19. He alleges Ms. Hawk detained him without probable cause and discriminated against him on the basis of his race in connection with a misdemeanor charge for assault family violence in Cause No. MA15-25320. Doc. 21 at 2. Plaintiff avers that on January 5, 2016, he "went to court and presented his 'motion for dismissal' to the District Court," claiming he was "actually innocent" of the assault and was "being detained illegally [and] without probable cause." Doc. 21 at 1; Doc. 19 at 6. Defendant Hawk's

Office initially opposed Plaintiff's motion, but then moved to dismiss Case No. MA15-25320 on February 16, 2016, because of the unavailability of the complainant.  Doc. 21 at 1; Doc. 21 at 21.  By this action, Plaintiff seeks monetary damages for being "detained . . . without 'probable cause'" from January 5 until February 16, 2016.[1]  Doc. 21 at 2; Doc. 19 at 6.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must

---

[1] In April 2016, Plaintiff notified the Court that he was no longer incarcerated.  Doc. 10.

be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims fail to state a claim upon which relief can be granted.

### A. False Imprisonment and Malicious Prosecution

Plaintiff complains generally that he was falsely imprisoned from January until February 2016, when the State moved to dismiss the assault charge. His claim, however, fails as a matter of law. With the amended complaint, Plaintiff encloses a copy of a November 5, 2015 affidavit of Garland Peace Officer T. M. Lingenfelter, relating the events that led to Plaintiff's November 4, 2015 arrest for assault family violence. Doc. 21 at 5-6. On November 6, 2016, a state magistrate reviewed the affidavit and determined that probable cause existed for the issuance of an arrest warrant. Doc. 21 at 6-7. Plaintiff subsequently appeared before another magistrate on November 7, 2015, and was arraigned. Doc. 19 at 1-2; *see also* Doc. 21 at 8 (*Arraignment Sheet*). Because these ensuing events broke the chain of causation for any false arrest, and provided sufficient probable cause, Plaintiff's false imprisonment claim is foreclosed and should be dismissed. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (a court appearance or grand jury indictment breaks the chain of causation for an allegedly false arrest, "insulating the initiating party."); *Haggerty v. Tex. S. Univ.,* 391 F.3d 653, 655 (5th Cir. 2004) (claim based on alleged false imprisonment requires a showing that the plaintiff was arrested absent probable cause); *Johnson v. Norcross*, 565 Fed.Appx. 287, 289 (5th Cir. 2014) (*quoting Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir. 1982).

Moreover, insofar as Plaintiff complains of malicious prosecution, his claim fares no better. "[A] freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [i]s not viable." *Cuadra*, 626 F.3d 808, 812-813 (citation omitted). Rather, the plaintiff "must allege

'that officials violated specific constitutional rights in connection with a malicious prosecution.'" *Id.* at 812 (quoting *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)). Here, Plaintiff fails to make any specific claims as to how the Defendants allegedly violated his constitutional rights. Moreover, the amended complaint is devoid of allegations reasonably suggesting any possible constitutional violation in connection with a malicious prosecution claim. And since the probable cause determination and appearance before the magistrate broke the chain of causation for a false arrest, neither of those alleged violations can support a malicious prosecution claim. Accordingly, Plaintiff's false imprisonment and malicious prosecution claims should be dismissed with prejudice.[2]

### B. Racial Discrimination

Plaintiff also complains of racial discrimination. Doc. 21 at 2. When asked to identify all acts or omissions that amounted to racial discrimination, he asserts that Defendant Hawk "showed racism toward Plaintiff on January 5, 2016 when she rejected his 'motion for dismissal.'" Doc. 19 at 3. Plaintiff also avers he "is a black person and the complainant was a white person . . . and Susan Hawk is a white person." *Id.*

Plaintiff's pleadings, even when liberally construed, fail to sufficiently allege a discriminatory purpose -- namely that Defendant Hawk's actions/inactions were on account of Plaintiff's race. *See Priester v. Lowndes County,* 354 F.3d 414, 424 (5th Cir. 2004) (to state

---

[2] The recent grant of certiorari by the United States Supreme Court in *Manuel v. City of Joliet,* 136 S.Ct. 890 (2016), to address whether an individual's Fourth Amendment right to be free from unreasonable seizure continues beyond legal process so as to allow a malicious prosecution claim based on the Fourth Amendment, does not impact the Court's reliance on *Cuadra* today. This Court is bound by precedent of the United States Court of Appeals for the Fifth Circuit unless and until such precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter,* 798 F.2d 155, 157-158 (5th Cir. 1986).

claim of racial discrimination under the Equal Protection Clause, plaintiff must allege that he was treated differently than other similarly situated individuals and that unequal treatment stemmed from discriminatory purpose).

Here, Plaintiff has made only vague and conclusory allegations, based solely on his subjective belief that he was treated differently than other similarly-situated defendants. That is simply not enough. *See Personnel Admin. of Massachusetts v. Feeney,* 442 U.S. 256, 279 (1979) (discriminatory purpose implies "a particular course of action [chosen] at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group"); *Pedraza v. Meyer,* 919 F.2d 317, 318 n. 1 (5th Cir. 1990) (*per curiam*) (vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim).

Indeed, Plaintiff offers nothing more than "labels and conclusions" in support of his claims of racial discrimination. *Twombly*, 550 U.S. 544, 555, 557 (requiring a litigant to "raise [his] right to relief above the speculative level" and to present more than a "naked assertion" devoid of "further factual enhancement."); *Iqbal*, 556 U.S. at 678, 683 (noting that a litigant must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" where complaint did not "contain any factual allegation sufficient to plausibly suggest [defendants'] discriminatory state of mind"). Because Plaintiff has failed to state a racial discrimination claim that is plausible on its face, it should be dismissed.

### C. Dallas County District Attorney's Office Not a Suable Entity

Moreover, Plaintiff may not sue a servient political agency or department, such as the Dallas County District Attorney's Office, unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-314 (5th

Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). Because Plaintiff seeks relief from an entity that is not subject to suit under section 1983, his allegations against the Dallas County District Attorney's Office fail to state a claim upon which relief may be granted.

### D.  District Attorney Hawk

Lastly, former District Attorney Hawk may not be held liable under section 1983 for supervisory liability, even if Plaintiff had sufficiently pled a constitutional violation. *See Iqbal*, 556 U.S. at 676 (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action). Plaintiff has presented no facts reasonably suggesting that the alleged false imprisonment, malicious prosecution, and racial discrimination were due to Defendant Hawk's individual actions and/or any policy of the Dallas County District Attorney's Office. Doc. 19 at 4.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to *sua sponte* dismissal with prejudice. *See Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th Cir. 2009) (*per curiam*) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). Here, based on the legal theories and the limited facts Plaintiff posits in his amended complaint and answers to the Court's Questionnaire, he cannot, as a matter of

law, state a colorable legal claim.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SIGNED** January 9, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE